# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JACK LONG, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09-cv-00900 |
| ) | Judge Trauger |
| CITY OF COOPERTOWN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the court is the plaintiff's Motion for Protective Order and to Quash Subpoena (Docket No. 53), to which the defendants have filed a response (Docket No. 58). For the reasons discussed below, the plaintiff's motion will be granted.

## BACKGROUND

The plaintiff, Jack Long, Jr., is an alderman for defendant City of Coopertown, Tennessee.[1] This dispute initially arose when defendant Sam Childs, Coopertown's mayor, allegedly attempted to block the plaintiff from assuming the position of alderman. At a December 1, 2008 city board meeting, Childs allegedly instructed police officers to forcibly remove the plaintiff from his seat. The next month, the plaintiff sought and received a permanent injunction from a Tennessee state court that enjoined the city from failing to recognize Long as a duly elected alderman.

The plaintiff alleges that, thereafter, Childs, the Coopertown police department, and

---

[1] Unless otherwise noted, the allegations are drawn from the plaintiffs' Complaint (Docket No. 1).

other, unknown defendants began a "pattern of intimidation" against him. This alleged course of conduct included, among other things, breaking into the plaintiff's home, setting his truck on fire, and filing false complaints with his employer.

The plaintiff has asserted several federal and state claims relating to the force used at the December 1, 2008 meeting and the subsequent intimidation: (1) a 42 U.S.C. § 1983 claim; (2) a 42 U.S.C. § 1985 claim; (3) a 42 U.S.C. § 1986 claim; (4) assault and battery; (5) outrageous conduct; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress. The plaintiff seeks damages for "severe personal injury, extreme mental and emotional anguish, [and] loss of enjoyment of life." (Docket No. 1 ¶ 44.)

The plaintiff has three sons, including A.L., who is a minor.[2] The plaintiff claims that his own emotional distress was increased by the emotional distress felt by his family members. In response to an interrogatory requesting facts supporting his emotional-distress damages, the plaintiff stated: "I have been embarrassed, humiliated, harassed, and my family *including my children* have been embarrassed, humiliated, and harassed and it has strained my marital relationship." (Docket No. 58 at 6 (quoting *id.*, Ex. 1 ¶ 6) (emphasis added).) Furthermore, when asked at his deposition to explain his "loss of enjoyment of life," the plaintiff stated that the defendants' conduct has "caused a lot of stress – on me, on my wife, *the kids*." (*Id.*, Ex. 2 at 204 (emphasis added).)

On December 28, 2010, shortly before the January 1, 2011 discovery deadline, the

---

[2] The parties' briefs do not mention A.L.'s age. Although the parties' filings reveal A.L.'s full name, the court will refer to him by his initials.

defendants served a subpoena on A.L.'s psychotherapist, Billy Bowie, Ph.D. The subpoena sought "a complete copy of your patient file for [A.L.] . . . (All documents, billing, notes, records, etc.)."[3] (Docket No. 53 at 1.) The defendants believe that the patient file is relevant because "[A.L.] has had conversations with Dr. Bowie that relate to the events discussed in [his father's] Complaint" and to "his relationship with [his father] both before and after the events that gave rise to [his father's] action." (Docket No. 58 at 7.)

In response, the plaintiff has filed the instant motion to quash, pursuant to Federal Rule of Civil Procedure 45, arguing that his son's psychiatric records are privileged. (Docket No. 53 at 7.)

## ANALYSIS

Rule 45 provides that the court "must quash or modify" a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Federal Rule of Evidence 501 governs privilege and states:

> [T]he privilege of a witness [or] person . . . shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness [or] person . . . shall be determined in accordance with State law.

Fed. R. Evid. 501. Thus, federal privilege law applies to federal claims, and state privilege law applies to state claims.

---

[3] Neither side has submitted a copy of the subpoena, but the parties do not dispute the contents of the document.

Here, the plaintiff has filed both federal and state claims. The plaintiff's brief does not identify the source of the privilege that he seeks to assert, and the defendants, citing the latter part of Rule 501, focus exclusively on the application of a Tennessee statute, Tenn. Code Ann. § 24-1-207. But when a plaintiff invokes federal question jurisdiction and asserts pendent state claims, federal privilege law applies. *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992) ("Since the instant case is a federal question case by virtue of the appellant's section 1983 claim, we hold that the existence of pendent state law claims does not relieve us of our obligation to apply the federal law of privilege."); *Lentz v. City of Cleveland*, 410 F. Supp. 2d 673, 701 (N.D. Ohio 2006); *cf. Kirchner v. Mitsui & Co. (U.S.A.), Inc.*, 184 F.R.D. 124, 125 (M.D. Tenn. 1998) (applying state privilege law when the plaintiff asserted only state-law claims). Accordingly, the court will apply federal law.

Ultimately, though, the choice of federal or state law is immaterial, because both shield disclosure of A.L.'s psychiatric records. The U.S. Supreme Court has explicitly held that "confidential communications between a licensed psychotherapist and [his] patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). Similarly, Tennessee statutory law provides:

> Communications between a patient and a licensed physician when practicing as a psychiatrist in the course of and in connection with a therapeutic counseling relationship . . . are privileged in proceedings before judicial and quasi-judicial tribunals. [T]he psychiatrist . . . may [not] testify or be compelled to testify as to such communications or otherwise reveal them.

Tenn. Code Ann. § 24-1-207(a). A.L.'s psychiatric records, which are relevant solely because of

the topics discussed during A.L.'s psychotherapy, clearly fall under the psychotherapist-patient privilege.[4]

Of course, the patient can waive the psychotherapist-patient privilege. *Jaffee*, 518 U.S. at 15 n.14. The Sixth Circuit has held that "placing one's mental health at issue constitutes waiver of the privilege." *Simon v. Cook*, 261 Fed. Appx. 873, 886 (6th Cir. 2008); *see also, e.g.*, *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (collecting cases regarding waiver). The Tennessee statute provides an analogous exception to the state-law privilege "[i]n proceedings in which the patient raises the issue of the patient's mental or emotional condition." Tenn. Code Ann. § 24-1-207(a)(1).

Here, the holder of the privilege is the patient, A.L. Because A.L. is not a party to this suit, he has done nothing to place his mental health at issue in this litigation. Therefore, A.L. has not waived the privilege, and the plaintiff may assert the privilege on A.L.'s behalf.[5]

The defendants argue that, because the plaintiff claims that his own emotional distress

---

[4] The defendants do not argue that Dr. Bowie is not a "licensed psychotherapist" or a "licensed physician." They effectively concede that, had the plaintiff not filed this suit, A.L.'s records would be privileged. (*See* Docket No. 58 at 5-9.)

[5] The defendants have submitted an affidavit of Pamela Long, who is the plaintiff's ex-wife and A.L.'s mother, stating that she "do[es] not object to Dr. Bowie producing a complete copy of A.L.'s patient file." (Docket No. 58, Ex. 10 ¶ 5.) The defendants do not, however, argue that her acquiescence affects the plaintiff's ability to assert the privilege on A.L.'s behalf.

If they did make such an argument, there would be issues regarding Pamela Long's motive for waiving the privilege. She and the plaintiff recently divorced, and it is likely that some acrimony exists between them. (*See* Docket No. 59, Ex. 6 ¶ 7 (affidavit stating that "[the plaintiff] was using the divorce proceeding against me").) This might affect the validity of any waiver. *See generally In re Berg*, 886 A.2d 980, 986-87 (N.H. 2005) (collecting cases and noting that "[t]he weight of authority . . . supports protection for the therapy records of children . . . whose interests may be in conflict with those of their natural guardians.").

5

was increased by A.L.'s emotional distress, *the plaintiff* has placed A.L.'s mental health at issue and thus has implicitly waived A.L.'s privilege. (Docket No. 58 at 7.) But the defendants offer no authority for the contention that a parent, in a lawsuit to which the child is not a party, waives a child's evidentiary privilege by seeking damages for the parent's own emotional distress.[6] The plaintiff is not, for example, seeking to recover damages suffered by his son. In filing and prosecuting this suit, the plaintiff has not acted on A.L.'s behalf; accordingly, he has not waived the psychotherapist-patient privilege on A.L.'s behalf. *See Hannon v. Shands Teaching Hosp. & Clinics, Inc.*, 970 So. 2d 344, 345 (Fla. Dist. Ct. App. 2006) (in a similar scenario, construing Florida law and holding that, if a minor "is not a party to the lawsuit, . . . it is impossible for him to make his mental or emotional condition an issue").

The defendants contend that they are "entitled to know specifically what sort of emotional and/or mental effects [the] events [at issue in this suit] have had on [A.L.]" (Docket No. 58 at 7.) This is true, which is why the defendants were free to gain that information through other, non-privileged means. In particular, it appears that they could have deposed A.L. regarding his emotional response to the events.

The mere fact that psychiatric records are relevant does not destroy the psychotherapist-patient privilege. Because A.L.'s records are privileged, the court will quash the defendants' subpoena.

## **CONCLUSION**

---

[6] *Kirchner*, the lone case cited by the defendants, is inapposite. There, the plaintiff waived the privilege as to *her own* psychiatric records. *Kirchner*, 184 F.R.D. at 129.

The plaintiff's Motion for Protective Order and to Quash Subpoena (Docket No. 53) is **GRANTED**, and the subpoena seeking A.L.'s psychiatric records is hereby **QUASHED**. The defendants are not entitled to discovery regarding the contents of communications between A.L. and Dr. Billy Bowie that were made in the course of psychotherapy.

It is so Ordered.

Entered this 25th day of January 2011.

_____
ALETA A. TRAUGER
United States District Judge